IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

THOMAS L. HONEYCUTT, )
)
Plaintiff, )
)
vs. ) No. CIV-14-797-W
)
HAROLD HUGHS[1] et al., )
)
Defendants. )

## ORDER

On February 2, 2015, United States Magistrate Judge Shon T. Erwin issued a Report and Recommendation in this matter and recommended that the Court deny two motions filed by plaintiff Thomas L. Honeycutt. Honeycutt was advised of his right to object, and the matter now comes before the Court on Honeycutt's Objection to the Court's Report and Recommendation. See Doc. 70. Honeycutt has also filed a document entitled "Motion to Show the Court Additional Exhibits that Would Warrant the Need for Plaintiff's Motion for Appointment of Counsel be Granted." See Doc. 71.

Upon de novo review of the record, the Court concurs with Magistrate Judge Erwin's suggested disposition of the motions addressed in the Report and Recommendation. The Court likewise finds that Honeycutt is not entitled to the relief requested in his renewed Motion for Appointment of Counsel [Doc. 37],[2] which was filed prior to the issuance of the Report and Recommendation, or in his latest submission that raises arguments and

---

[1] See Notice of Party Name Correction [Doc. 35] (advising that correct spelling of defendant's surname is "Hughs").

[2] Honeycutt cannot claim prejudice to the Court's consideration of this motion since he has referred to the motion in his request that the Court reconsider the Report and Recommendation. See Doc. 71 at 1.

presents "'exhibits' to sway the Court to reconsider [the] . . . Report and Recommendation." Doc. 71 at 1.

Accordingly, the Court in its discretion

(1) ADOPTS the Report and Recommendation [Doc. 57] issued on February 2, 2015;

(2) since Honeycutt is no longer incarcerated at Kay County Jail, DENIES as MOOT Honeycutt's Motion to Clarify in Part and his Motion for Assistance in Part [Doc. 7] file-stamped August 20, 2014, and his Motion to Notify the Court of Retaliation Acts [Doc. 9] file-stamped September 12, 2014, to the extent Honeycutt has urged the Court to compel certain employees of that facility to provide Honeycutt a no-salt diet and access to a law library and to permit Honeycutt to attend religious services and AA meetings;

(3) after review of "the merits of the . . . [Honeycutt's] claims, the nature of the factual issues raised in th[ose] claims, [Honeycutt's demonstrated] . . . ability to present his claims, and the complexity of the legal issues raised by the claims," Gee v. Pacheco, 495 Fed. Appx. 942, 944 (10th Cir. 2012)(quotation omitted)(cited pursuant to Tenth Cir. R. 32.1.), and acknowledging the litigation difficulties Honeycutt faces, e.g., id. (plight of pro se litigant, particularly one in prison, is not easy one), DECLINES to appoint an attorney in this case and DENIES Honeycutt's Motion Asking for Appointment of Counsel [Doc. 9] file-stamped September 12, 2014, and his Motion for Appointment of Counsel [Doc. 37] file-stamped December 24, 2014;

(4) DENIES Honeycutt's Motion to Show the Court Additional Exhibits that Would Warrant the Need for Plaintiff's Motion for Appointment of Counsel be Granted [Doc. 71] file-stamped February 25, 2015, to the extent the motion seeks reconsideration of the

Report and Recommendation or any other relief and DECLINES to consider two matters addressed therein[3] that were not previously raised in support of Honeycutt's requests for appointment of counsel, see Butler v. Parker, 2012 10524 *1 (W.D. Okla. 2012); and

(5) RE-REFERS this matter for Magistrate Judge Erwin for further proceedings.

ENTERED this 2nd day of March, 2015.

LEE R. WEST
UNITED STATES DISTRICT JUDGE

---

[3]Honeycutt has "presented [as] a question for the Court. . . . . If the Plaintiff is having problem[s] getting requested legal material from Law Library [is] it . . . a conflict, or lawful for Oklahoma Dep[artment] of Corrections to have Plaintiff submit either a informal resolution o[r] a grievance procedure to the Law Library?" Doc. 71 at 2.
Honeycutt has "raised [as] an additional question. . . . Is it constitutionally legal to charge an offender money prior to entering into a court of law so the offender can present his case to the court in an effort to question the legality of an action taken by the Oklahoma Department of Corrections?" Id. at 4.