IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| THOMAS L. HONEYCUTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-14-797-W |
| | ) | |
| HAROLD HUGHS, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, has brought this action under 42 U.S.C. § 1983, alleging a violation of his rights under the United States Constitution. United States District Judge Lee R. West has referred the matter to the undersigned for the entry of appropriate orders as to non-dispositive matters, and for the preparation and submission of proposed findings and recommendations as to dispositive matters, as referenced in 28 U.S.C. § 636(b)(1)(B) and (C). Currently before the Court is Defendant Liz Kuhn's Motion to Dismiss **(ECF No. 31)**, to which Plaintiff has responded and Defendant has replied. (ECF Nos. 54, 56).[1] For the reasons set forth below, it is recommended that Defendant Kuhn's Motion to Dismiss be **GRANTED IN PART AND DENIED IN PART**.

---

[1] Defendant Kuhn characterized her Motion to Dismiss as a "Special Appearance." (ECF No. 31). Fed. R. Civ. P. 12 abolished the distinction between general and special appearances in 1938, and these labels have no legal significance. Because the "technical distinctions between general and special appearances have been abolished, ... no end is accomplished by retaining [or using] those terms in federal practice." 5B C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE § 1344, at *30 (3d ed. 2004) ("[A defendant] is no longer required at the door of the federal courthouse to intone that ancient abracadabra of the law ... in order by its magic power to enable himself to remain outside even while he steps within." (quoting *Orange Theatre Corp. v. Rayherstz Amusement Corp.*, 139 F.2d 871, 874 (3rd Cir. 1944), *cert. denied*, 322 U.S. 740)).

**I. Background**

Plaintiff was previously incarcerated at Kay County Jail and his claims arise from his confinement there. Construing Plaintiff's *pro se* Complaint liberally, Plaintiff has asserted multiple causes of action. In Counts One and Two, Plaintiff contends Defendants have shown deliberate indifference to his medical needs, in violation of the Eighth Amendment, and have violated his rights by not allowing him to attend church services and AA meetings. (ECF No. 1:2, 4, 6-8). Also in Count One, Plaintiff indicates that a Sheriff's Deputy, John Doe #2, used excessive force in effecting his initial arrest and that he was subsequently denied a phone call. (ECF No. 1:4, 6). In Count Three, Plaintiff appears to assert another Eighth Amendment violation, although possibly on the basis of supervisory liability. (ECF No. 1:8). Plaintiff has named approximately ten Defendants. Finally, Plaintiff also indicates that he intends to assert a defamation claim against a newspaper, Jail Birds, based on an article it allegedly printed stating that Plaintiff had been arrested for a drug related charge. (ECF No. 1:5).

Plaintiff identifies Defendant Kuhn as an L.P.N. employed with the Kay County Jail. (ECF No. 1:3). Plaintiff's allegations pertaining to Defendant Kuhn are limited in nature. Plaintiff contends that Kay County Jail officials transported him to Blackwell Regional Hospital on May 29, 2014, where, due to a pre-existing medical condition, Dr. Stuart performed a procedure that drained three liters of fluid from his abdominal area. (ECF No. 1:6; ECF No. 54:3). According to Plaintiff, Dr. Stuart scheduled a follow up appointment for the following week. (ECF No. 1:6). Plaintiff alleges, however, that Kay County Jail later cancelled his appointment. (ECF No. 1:6). Plaintiff further alleges that Defendant Kuhn stated that it was cancelled because "they didn't have the money to

run [Plaintiff] back and forth." (ECF No. 1:6). The Jail did transport Plaintiff to Blackwell Regional Hospital on July 18, 2014, August 12, 2014 and September 12, 2014 where they performed the same procedure, draining several liters of fluid from his abdominal area on each visit. (ECF No. 1:6; ECF No. 54:3).

Plaintiff also contends that on one occasion Plaintiff was unable to climb the stairs to his cell due to abdominal pain and Defendant Kuhn moved him to the booking area. (ECF No. 54:2). Additionally, Plaintiff states that Defendant Kuhn advised the kitchen staff of Plaintiff's prescribed medical diet, but the kitchen staff failed to properly follow it. (ECF No. 54:2). In this regard, Plaintiff complains that Defendant Kuhn "simply refused to assert her power and authority of being a medical person (a nurse)." (ECF No. 54:2).

## II. Issues Presented

Based on the above allegations, Plaintiff contends Defendant Kuhn was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. Defendant Kuhn has filed a Motion to Dismiss based on three grounds. (ECF No. 31). Defendant Kuhn argues Plaintiff failed to sufficiently plead exhaustion of his administrative remedies, which she contends is required under the Prison Litigation Reform Act. Additionally, Defendant Kuhn argues Plaintiff has failed to establish that she acted under color of state law. Finally, Defendant Kuhn contends that Plaintiff's failed to allege facts sufficient to show he suffered a constitutional violation.

### III. Standard of Review for Motion to Dismiss

For purposes of deciding this Motion only, Plaintiff's factual allegations are accepted as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Id.* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556); *Gee v. Pacheco*, 627 F.3d 1178, 1184 (10th Cir. 2010). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

### IV. Analysis

#### A. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act of 1995 (PLRA) requires a prisoner to exhaust all available administrative remedies before resorting to a § 1983 action in federal court. Specifically, 42 U.S.C. § 1997e(a) provides as follows: "No action shall be

4

brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id.* "[E]xhaustion is mandatory under the PLRA and ... unexhausted claims cannot be brought in court." *Jones v. Bock,* 549 U.S. 199, 211 (2007).

Relying on *Torres v. Corr. Corp. of Am.*, 372 F.Supp.2d 1258 (N.D. Okla. 2005), Defendant argues Plaintiff had the burden of showing in his Complaint that he had exhausted his administrative remedies prior to filing suit. (ECF No. 31:7-8). However, the *Torres* decision pre-dates the Supreme Court's decision in *Jones v. Bock*, *supra.*, in which the Supreme Court held that "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Id.* at 216. When a defendant asserts an affirmative defense—such as the failure to exhaust administrative remedies—in a dispositive motion, the defendant "must demonstrate that no disputed material fact exists regarding the affirmative defense asserted." *Hutchinson v. Pfeil*, 105 F.3d 562, 564 (10th Cir. 1997).

While it is true Plaintiff did not establish that he fully exhausted his administrative remedies, he was not required to do so. *Id.* Instead, Defendant holds that burden and she failed to meet it.[2] In Plaintiff's Complaint, he indicates that he has filed grievances that "were never answered or returned." (ECF No. 1:9). Based on this

---

[2] Defendant correctly notes that in his Response, Plaintiff stated that he is still attempting to exhaust his administrative remedies with regard to possible claims arising from a fall that occurred on September 8, 2014. However, the September 8th fall and any resultant claims are not the basis for the causes of action set forth in Plaintiff's Complaint and it is those causes of action that are addressed in Defendant's Motion to Dismiss.

statement, it seems unlikely Plaintiff has exhausted his administrative remedies. However, the undersigned is also mindful that "[w]here prison officials thwart or hinder a prisoner's efforts to avail himself of an administrative remedy, they render that remedy 'unavailable' and a court will excuse the prisoner's failure to exhaust." *Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010).

It is not entirely clear whether Plaintiff failed to exhaust, nor whether any failure to do so was the result of prison officials' efforts. However, it is Defendant's burden to show Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit and she has not met it. Accordingly, the undersigned recommends Defendants' Motion to Dismiss based on Plaintiff's failure to establish he had exhausted his administrative remedies be denied.

### B. Defendant as a state actor for purposes of 42 U.S.C. § 1983

To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Though not altogether cogent, Defendant Kuhn appears to argue that Plaintiff has not alleged sufficient facts to establish that she acted under color of state law. To the extent this is indeed Defendant Kuhn's intended argument, her Motion in this regard should be denied.

The Complaint specifically alleges Defendant Kuhn is part of the medical staff at Kay County Jail and that the medical care provided while Plaintiff was incarcerated at Kay County Jail is a subject of this lawsuit. Those allegations are sufficient to plausibly allege Defendant Kuhn was acting under color of law for purposes of § 1983 liability.

6

*See West*, 487 at 54 ("a physician employed by North Carolina to provide medical services to state prison inmates, acted under color of state law for purposes of § 1983 when undertaking his duties in treating petitioner's injury. Such conduct is fairly attributable to the State"); *Smith v. Cochran*, 339 F.3d 1205, 1215-16 (10th Cir. 2003) (noting, "persons to whom the state delegates its penological functions, which include the custody and supervision of prisoners, can be held liable for violations of the Eighth Amendment" and citing numerous opinions from the Supreme Court and other circuit courts holding the same); *Nieto v. Kapoor*, 268 F.3d 1208, 1216 (10th Cir. 2001) (applying the reasoning in Supreme Court's *West* decision to determine that a doctor under contract with the State was acting under color of law in a § 1983 equal protection and free expression case); *Conner v. Donnelly*, 42 F.3d 220 (4th Cir. 1994) (holding that private physician who treated inmate on referral of prison physician acted under "color of state law," though he did not have contractual relationship with state to provide medical services to inmate). Thus, Defendant Kuhn's request that the Court dismiss Plaintiff's claims based on a failure to sufficiently allege she acted under color of state law should be denied.

### C. Plaintiff's Eighth Amendment allegations

To prevail on his Eighth Amendment claim, Plaintiff must demonstrate: (1) objectively, the harm he complains of is sufficiently "serious" to merit constitutional protection and (2) Defendant was subjectively aware of a substantial risk to Plaintiff's health or safety and acted in purposeful disregard of that risk. *See Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009). With regard to the objective component, "[a] medical need is sufficiently serious 'if it is one that has been diagnosed by a physician

7

as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000) (quoting *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999)). The subjective component is satisfied if the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Construing Plaintiff's *pro se* Complaint liberally, the undersigned finds that Plaintiff has not alleged sufficient facts against Defendant Kuhn to support an Eighth Amendment deliberate indifference claim. The primary basis of his claim against this Defendant appears to be his allegation that upon returning to Kay County Jail on May 29, 2014, after his first appointment at the Blackwell Regional Hospital, Defendant Kuhn informed Plaintiff that he could not attend the following week's appointment because "they didn't have the money to run [Plaintiff] back and forth." (ECF No. 1:6). There is no indication in the Complaint that Defendant Kuhn, as an L.P.N., actually had discretion to determine whether Plaintiff was transported to a third party medical provider. An alleged statement, standing alone, indicating that the Jail cancelled one appointment because it did not have sufficient funds to transport Plaintiff is not a sufficient basis for an Eighth Amendment claim. Moreover, Plaintiff indicates that the Jail transported him to Blackwell Regional Hospital for the same procedure on a monthly basis from July through September. (ECF No. 1:6; ECF No. 54:3).

Plaintiff's remaining allegations against Defendant Kuhn also fail to state a plausible claim for relief. Plaintiff stated that on one occasion, he complained that he

8

was in too much pain to walk up the stairs to his cell and therefore, Defendant Kuhn moved him to the booking area. (ECF No. 54:2). Moving Plaintiff to a different area that does not require climbing stairs after he complains of pain worsened by the same does not equate to a disregard of Plaintiff's health or safety, as required to support Plaintiff's claim. *Farmer*, 511 U.S. at 837. Plaintiff also indicates that he was kept in a cell near the booking area for sixteen days and during that time, not provided any medication for pain. (ECF No. 54:2). However, Plaintiff does not indicate that these aspects of his confinement are connected to Defendant Kuhn, nor that he intends to assert those portions of his claims against her.

With regard to his dietary requirements, Plaintiff contends that Dr. Stuart prescribed a specific diet and that Kay County Jail refused to follow it. (ECF No. 54:2). Plaintiff relates these allegations to Defendant Kuhn by stating that she advised the kitchen staff of Plaintiff's prescribed diet, the staff failed to properly follow it and Defendant Kuhn refused to assert her "power and authority as a medical person." (ECF No. 54:2).

In *Lemay v. Winchester*, 382 F. App'x 698 (10th Cir. 2006), the Tenth Circuit found that there was sufficient evidence to raise a genuine issue of material fact as to a nurse's deliberate indifference. In that case, the plaintiff was a diabetic dependent on insulin and it was undisputed that he never received a diabetic diet at the prison. *Id.* at 700. The Tenth Circuit concluded that, based upon the record, there was a fact issue as to the defendant nurse's deliberate indifference because it indicated that she knew about the plaintiff's condition and that she would have been aware the plaintiff should have been on a diabetic diet. *Id.* at 702. The defendant nurse argued that she had no

authority to order a diabetic diet but other portions of the record indicated that pursuant to the prison's policies and procedures, the inmates did not receive a medical diet without the involvement or approval of the defendant nurse. *Id.* at 703.

In contrast to *Lemay*, by Plaintiff's own account, Defendant Kuhn specifically advised the kitchen staff of Plaintiff's medically prescribed diet. (ECF No. 54:2). While Plaintiff also complains that the kitchen staff failed to properly follow this prescribed diet, there is no legal basis upon which to hold Defendant Kuhn, an L.P.N., constitutionally responsible for the actions of third parties. *See, e.g., Robbins v. Okla., et. al.*, 519 F.3d 1242, 1251 (10th Cir. 2008) ("In general, state actors may only be held liable under § 1983 for their own acts, not the acts of third parties."). Additionally, Plaintiff's complaint that Defendant Kuhn "refused to assert her power and authority" is also not a valid basis for his claim. Under very specific circumstances, § 1983 allows for claims based upon a theory of supervisory liability, *see Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010), however, there is nothing in the Complaint to suggest that a nurse at a jail facility enjoys supervisory status over the jail's kitchen staff. *See, e.g., Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556) (noting that the plaintiff must state a claim for relief that is plausible on its face). Thus, these allegations are not sufficient to support an Eighth Amendment claim and Defendant Kuhn's Motion to Dismiss should be granted.

## RECOMMENDATION

After careful consideration of the issues in this case, it is recommended that Defendant Kuhn's Motion to Dismiss (ECF No. 31) be **GRANTED IN PART AND DENIED IN PART.** Specifically, Defendant's Motion should be denied as to the

argument that Plaintiff failed to establish he exhausted his administrative remedies. The Motion should also be denied as to Defendant Kuhn's argument that Plaintiff failed to establish that she was acting under color of state law. Finally, Defendant Kuhn's Motion should be granted based on the argument that Plaintiff's allegations against Defendant Kuhn are not sufficient to establish an Eighth Amendment claim. Therefore, Plaintiff's Eighth Amendment claims against Defendant Kuhn should be dismissed without prejudice.

## NOTICE OF RIGHT TO OBJECT

The parties are hereby advised of their right to file an objection to this Report and Recommendation with the Clerk of this Court by **May 1, 2015**, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## STATUS OF THE REFERRAL

This Report and Recommendation **DOES NOT** dispose of all issues currently referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** on April 14, 2015.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE