IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA



FILED

APR 2 9 2015

CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA
BY_____,DEPUTY

THOMAS L. HONEYCUTT,           )
                               )
            Plaintiff,         )
                               )
vs.                            )          No. CIV-14-797-W
                               )
HAROLD HUGHS et al.,           )
                               )
            Defendants.        )

## ORDER

On April 14, 2015, United States Magistrate Judge Shon T. Erwin issued a Report

and Recommendation in this matter and recommended that the Court deny two motions

filed by plaintiff Thomas L. Honeycutt. Honeycutt was advised of his right to object, see

Doc. 88 at 5, and the matter now comes before the Court on Honeycutt's Motion to Object

to the Court's Report and Recommendation. See Doc. 92.

Upon de novo review of the record, the Court concurs with Magistrate Judge Erwin's

suggested disposition of the motions addressed in the Report and Recommendation.

Honeycutt is currently incarcerated at Oklahoma State Reformatory ("OSR") in Granite,

Oklahoma, and he has contended in recent submissions that OSR employees and/or

Oklahoma Department of Corrections ("DOC") employees have impeded his access to the

courts because OSR's law library does not have adequate hours of operation, because his

requests for legal material and/or for type-written legal documents are not answered

promptly and because his legal mail is delayed or returned. Honeycutt has further

contended that OSR employees have refused to assist him in obtaining legal materials

and/or have failed to return legal work and exhibits.

Honeycutt has questioned whether the interference exhibited by OSR and/or DOC employees is the result of a cooperative effort between such employees and the defendants—mainly, individuals Honeycutt had encountered during his incarceration at Kay County Detention Center ("KCDC") or entities that provide services to KCDC. See Doc. 77 at 4 ("It sure appears that they are working together"); Doc. 92 at 2 ("only conclusion . . . would be that they are working together in harmony"). Honeycutt has likewise complained that OSR employees are acting contrary to DOC policies regarding legal mail. Finally, Honeycutt has argued that the actions of OSR employees have put him "at a clear disadvantage," Doc. 77 at 5, and he has requested in the alternative that the Court appoint counsel to assist him in this lawsuit.

Admittedly, "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries[,]" Bounds v. Smith, 430 U.S. 817, 828 (1977), and case law is clear that prison officials may not interfere with, or hinder, a prisoner's efforts to pursue a legal claim.

Honeycutt's request for injunctive relief, however, is not tied to a denial-of-access claim. Rather, he has requested that the Court compel nonparties to take or refrain from certain actions;[1] but because the conduct of these nonparties is not related to the events giving rise to the claims asserted in the complaint, the Court has no authority to act. E.g.,

---

[1] In his Motion to Object to the Court's Report and Recommendation [Doc. 92], Honeycutt has urged the Court to order the defendants to complete the Special Report [Doc. 80] they filed on March 25, 2015. Honeycutt's motions that are addressed in the Report and Recommendation were filed prior to that date, and the allegedly deficient paper is not the subject of the Report and Recommendation. Accordingly, the Court has not examined the Special Report to determine whether it is in fact incomplete as Honeycutt has argued.

De Beers Consolidated Mines, Ltd. v. United States, 325 U.S. 212, 220 (1945)(preliminary injunction only appropriate to grant intermediate relief of same character as that which may ultimately be granted); Little v. Jones, 607 F.3d 1245, 1251 (10th Cir. 2010)(movant must establish relationship between injury cited in motion and conduct asserted in complaint).

As to Honeycutt's alternate request, the Court is mindful of the litigation difficulties that Honeycutt faces. E.g., Gee v. Pacheco, 495 Fed. Appx. 942, 944 (10th Cir. 2012)(cited pursuant to Tenth Cir. R. 32.1)(plight of pro se litigant, particularly one in prison, is not easy one). Nevertheless, after review of "'the merits of the . . . [Honeycutt's] claims, the nature of the factual issues raised in th[ose] claims, [Honeycutt's demonstrated] . . . ability to present his claims, and the complexity of the legal issues raised by the claims,'" id. (quotation and citation omitted), the Court again declines to appoint counsel in this case.

Accordingly, the Court

(1) ADOPTS the Report and Recommendation [Doc. 88] filed on April 14, 2015;

(2) DENIES Honeycutt's Motion for an Injunction, or Writ of Mandamus to the Oklahoma Department of Corrections Concerning Impeded Access to the Courts [Doc. 77] file-stamped March 10, 2015; and

(3) likewise DENIES Honeycutt's Motion to the Court for the Court's Assistance Due to Acts Beyond the Plaintiff's Control [Doc. 79] file-stamped March 19, 2015.

ENTERED this 29th day of April, 2015.

LEE R. WEST
UNITED STATES DISTRICT JUDGE