IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

FILED

MAY 0 6 2015

CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____,DEPUTY

| | |
|---|---|
| THOMAS L. HONEYCUTT, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. CIV-14-797-W |
| HAROLD HUGHS et al., | ) ) ) |
| Defendants. | ) |

## ORDER

On April 14, 2015, United States Magistrate Judge Shon T. Erwin issued a Report and Recommendation in this matter and recommended that the Court deny in part and grant in part the Motion to Dismiss filed by defendant Liz Kuhn. The parties were advised of their right to object, and the matter now comes before the Court on the Motion of Objection to the Court's Report and Recommendation [Doc. 93] filed by plaintiff Thomas L. Honeycutt, proceeding pro se.

First, as to Magistrate Judge Erwin's ruling regarding exhaustion, which Kuhn has not challenged, the Court concurs that exhaustion is an affirmative defense and that Kuhn has not met her burden at this stage of the proceedings to show that Honeycutt failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act of 1996, 42 U.S.C. § 1997e(a).

Second, as to Magistrate Judge Erwin's unchallenged ruling regarding Kuhn's status as a "state actor," the Court likewise concurs. Honeycutt has sought relief under title 42, section 1983 of the United States Code, which imposes liability for conduct carried out under the color of state law that deprives a plaintiff of "rights, privileges, or immunities

secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983. To ultimately prevail on his claim that he has been subjected to cruel and unusual punishment in violation of the eighth amendment to the United States Constitution, Honeycutt must establish that Kuhn acted under color of state law. E.g., Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970).

Based on the allegations in the complaint, the Court finds that it is plausible to infer that Kuhn, who is identified in the complaint as "employed as [a] Jail L.P.N.," was "'clothed with the authority of state law,'" West v. Atkins, 487 U.S. 42, 49 (1988)(quotation and further citations omitted), at the time the events giving rise to this lawsuit occurred. E.g., id. at 54 (physician under contract with state to provide medical services to inmates acted under color of state law for purposes of section 1983 when treating inmate's injury).

The Court is mindful that being a state actor, however, is not enough; for liability to attach, Honeycutt must also allege and prove that Kuhn "subject[ed], or cause[d] [him] to be subjected," 42 U.S.C. § 1983, to the deprivation of a federally-protected right. E.g., Schneider v. City of Grand Junction Police Department, 717 F.3d 760, 778 (10th Cir. 2013) (causation is element of section 1983 claim). Accordingly, for Honeycutt's section 1983 claim to succeed against Kuhn, Honeycutt not only "must show [her] personal involvement or participation in the . . . [the alleged constitutional violation]," Grimsley v. MacKay, 93 F.3d 676, 679 (10th Cir. 1996)(citation omitted), but also that Kuhn was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]," Farmer v. Brennan, 511 U.S. 825, 837 (1994)), to Honeycutt's health or safety, and that Kuhn actually drew that inference. E.g., id.

2

At this stage, it is not enough to assert "unadorned, the-defendant-unlawfully-harmed-me accusation[s]," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)(further citation omitted)), and upon de novo review of the record, the Court finds that Honeycutt has not met his "obligation to provide the 'grounds' of his 'entitle[ment] to relief[ against Kuhn,]'" Twombly, 550 U.S. at 555 (citation omitted), under the eighth amendment as to any theories he has advanced.[1]

Accordingly, the Court

(1) ADOPTS the Report and Recommendation [Doc. 89] issued on April 15, 2015;

(2) DENIES Kuhn's Motion to Dismiss [Doc. 31] filed on December 10, 2014, as to her arguments regarding exhaustion and whether she qualifies as a state actor for purposes of section 1983; but

(3) GRANTS Kuhn's Motion to Dismiss to the extent she has challenged the sufficiency of Honeycutt's allegations advanced in support of his eighth amendment claim and DISMISSES this claim without prejudice; and

(4) RE-REFERS this matter for Magistrate Judge Erwin for further proceedings.

ENTERED this 6th day of May, 2015.

LEE R. WEST
UNITED STATES DISTRICT JUDGE

---

[1] As Magistrate Judge Erwin noted in his Report and Recommendation, claims based on Honeycutt's fall on September 8, 2014, are not set forth in the complaint. See Doc. 89 at 5 n.2. Accordingly, the Court has disregarded Honeycutt's arguments in his objection that pertain to this incident. The Court likewise declines Honeycutt's request for assistance in contacting individuals who were present at the time he fell.