**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **THOMAS L. HONEYCUTT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-14-797-W** |
| | ) | |
| **HAROLD HUGHS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, has brought this action under 42 U.S.C. § 1983, alleging a violation of his rights under the United States Constitution. United States District Judge Lee R. West has referred the matter to the undersigned for the entry of appropriate orders as to non-dispositive matters, and for the preparation and submission of proposed findings and recommendations as to dispositive matters, as referenced in 28 U.S.C. § 636(b)(1)(B) and (C). Currently before the Court is Defendant Kay Kimbel's Motion to Dismiss (ECF No. 50), to which Plaintiff has responded and Defendant has replied. (ECF Nos. 58, 61). For the reasons set forth below, it is recommended that Defendant Kimbel's Motion to Dismiss be **DENIED**.

### I. Procedural Background

(1)  Plaintiff's claims arise primarily out of events that allegedly occurred during his incarceration at the Kay County Jail in 2014. He has named 11 Defendants, including Defendant Kimbel who was purportedly employed as Kitchen Supervisor at that time. (ECF No. 1:1-3).

(2)   On September 26, 2014, the Court entered an Order requiring Service and Special Report. (ECF No. 10).

(3)   In said Order, the Court directed Plaintiff to provide completed service papers for each Defendant within 20 days of the date of the Order. The Court further explained that upon doing so, the United States Marshals Service (USMS) would effect service accordingly. (ECF No. 10:3-4).[1]

(4)   Plaintiff filed his Pro Se Litigant's Request for Issuance of Summons on November 13, 2014. Plaintiff included Defendant Kimbel in his request and listed her address as that of the Kay County Jail, as he did for each defendant who worked at the Kay County Jail during the time period relevant to his claims. (ECF No. 15:3).

(5)   On November 19, 2014, the USMS delivered a copy of each of the applicable Summons and Complaint to the Kay County Jail. The Process Receipt and Return for most of the defendants, including Defendant Kimbel, indicates that the individual served was "Harold Hughes Deputy Jail Admin" (ECF Nos. 17-23).[2]

(6)   On January 16, 2015, Defendant Kimbel filed a Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(5), arguing that Plaintiff did not properly effect service upon her as her employment at the Kay County Jail "terminated in November 2014 and it is unknown if she was even present at the jail on the date of the alleged service of process." (ECF No. 50:2).

---

[1] In the interim, Plaintiff was transferred to another facility and therefore, some delay occurred between the issuance of the initial Order Requiring Service and Plaintiff's submission of service papers.  (ECF Nos. 11, 13 & 14).

[2] Notably, Defendant Hughs did not sign the Receipt of Process for John Doe Jailer #1, John Doe Sheriff's Deputy #1 or John Doe Sheriff's Deputy #2 as he was unable to specifically identify them. (ECF No. 24-26).

(7)  On April 13, 2015, this Court entered an Order directing Defendant Kimbel to provide this Court with the date her employment at the Kay County Jail ended or otherwise show cause as to why her Motion to Dismiss should not be denied. (ECF No. 87).

(8)  On April 28, 2015, Defendant Kimbel filed a Response to the Court's Order that showed Defendant Kimbel was terminated from her employment on November 21, 2014, two days after the USMS served Plaintiff's summons and complaint. (ECF Nos. 90-1, 20).

(9)  In that same Response, counsel for Defendant Kimbel also noted that although he filed a Motion to Dismiss on her behalf, he has been unable to contact Defendant Kimbel: that it appears she has moved out of state; and that it is "unknown whether [Defendant Kimbel] received actual notice" of this lawsuit. (ECF No. 90:2). Counsel also explained that he was retained by Defendant ABL Management, Inc. to represent its named employees, including Defendant Kimbel.

## II.  Analysis

Fed. R. Civ. P. 4(e) provides that service of process is properly completed by following the applicable state's laws regarding proper service. Under Oklahoma law, personal service upon an individual may be made by leaving the summons at the person's dwelling house or usual place of abode, or by delivery to an agent authorized by appointment or by law to receive service. Okla. Stat. tit. 12, § 2004(C)(1)(c)(1). However, Oklahoma law does not require a plaintiff to strictly comply with the Oklahoma statutory scheme for service to be deemed effective. *See Graff v. Kelly,* 814

P.2d 489, 495 (Okla. 1991). Instead, "substantial compliance is sufficient" in order for

the court to have personal jurisdiction over a defendant. *Goff v. Hukill*, No. 08-CV-71-

TCK-FHM, 2010 WL 2595785, at *3 (N.D. Okla. June 24, 2010) (citing *Graff v. Kelly*,

814 P.2d at 495).

With regard to substantial compliance, Okla. Stat. tit. 12, § 2004(C)(6) provides

that if service cannot be made upon an individual by mail or personal delivery, as

required by statute, a court can devise a process to effect service "in any manner which

is reasonably calculated to give him actual notice of the proceedings and an opportunity

to be heard." *See also* Okla. Stat. tit. 12, § 2004, Committee Comment ("This provision

gives the court discretion to fashion a method of service appropriate to particular

circumstances so long as this standard is met."); *Graff*, 814 P.2d at 495 ("§ 2004(C)(6)

places the responsibility of devising due process alternatives upon a neutral magistrate"

to fashion a method of service appropriate to particular circumstances).

In the present case, Plaintiff is a *pro se* inmate proceeding *in forma pauperis*. In

accordance with the method long fashioned by this Court to effect service under these

particular circumstances, the undersigned ordered the USMS to serve Defendants at the

address provided by Plaintiff. (ECF No. 10). Based on obvious safety concerns, the only

address *pro se* inmates possess is that of the subject prison or jail. Thus, within this

established procedure and in compliance with this Court's order, Plaintiff provided the

address of the Kay County Jail and the USMS delivered copies of the Summonses and

Complaint to Defendant Kimbel's workplace, the Kay County Jail, and left them with

Defendant Hughs, the Jail Administrator, who is also a named Defendant herein. (ECF

No. 15, 17, 20). As noted above, Defendant Hughs signed the Summonses and identified himself as agent for service of process. (ECF No. 17-21, 23). This method of service substantially complied with Oklahoma law and was reasonably calculated to give the defendants actual notice of the proceedings.

The record before this Court shows that service was ordered and completed in this matter by way of the process specifically devised for *pro se* inmates filing lawsuits under 42 U.S.C. § 1983. See Okla. Stat. tit. 12, § 2004(C)(6). By this process, the USMS served every identifiable Defendant who was working at the Kay County Jail at the time of service, including Defendant Kimbel. (ECF Nos. 17-21, 23). No evidence has been presented that Defendant Kimbel did not receive notice of the lawsuit. Accordingly, the undersigned recommends that Defendant Kimbel's Motion to Dismiss be denied.

## RECOMMENDATION

After careful consideration of the issues raised, it is recommended that Defendant Kimbel's Motion to Dismiss **(ECF No. 50)** be **DENIED**.

## NOTICE OF RIGHT TO OBJECT

Defendant is hereby advised of her right to file an objection to this Report and Recommendation with the Clerk of this Court by **May 26, 2015**, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## STATUS OF THE REFERRAL

This Report and Recommendation does not dispose of all issues referred to the undersigned magistrate judge in the captioned matter.

**ENTERED** on May 8, 2015.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE