

IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

THOMAS L. HONEYCUTT, )
)
    Plaintiff, )
)
vs. ) No. CIV-14-797-W
)
HAROLD HUGHS et al., )
)
    Defendants. )

## ORDER

On May 8, 2015, United States Magistrate Judge Shon T. Erwin issued a Report and Recommendation in this matter and recommended that the Court deny the Motion to Dismiss[1] filed by defendant Kay Kimbel pursuant to Rules 12(b)(5)[2] and 4(e), F.R.Civ.P. Kimbel was advised of her right to object, and the matter now comes before the Court on Kimbel's Objection to Report and Recommendation. See Doc. 99.

Upon de novo review of the record, the Court concurs with Magistrate Judge Erwin's suggested disposition of Kimbel's motion. Plaintiff Thomas L. Honeycutt, proceeding pro se and in forma pauperis, brought this action seeking relief under title 42, section 1983 of the United States Code for alleged violations of his constitutional rights. He has

---

[1] Defendant Kimbel included the phrase "Special Appearance" in the title of her Motion to Dismiss. See Doc. 50 at 1. Rule 12, F.R.Civ.P., eliminated the distinction between general and special appearances in 1938, and these labels have no legal significance. E.g., 5B C. Wright & A. Miller, Federal Practice and Procedure § 1344, at 30 (3d ed. 2004)(technical distinctions between general and special appearances abolished; no end accomplished by retaining or using terms in federal practice).

[2] A motion filed under Rule 12(b)(5), F.R.Civ.P., "is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint." Goff v. Hukill, 2010 WL 2595785 *2 (N.D. Okla. 2010).

complained about events that allegedly occurred during his incarceration at Kay County Jail ("Jail") in 2014. Defendant Kimbel was employed as Kitchen Supervisor at that time.

On November 19, 2014, the United States Marshal ("USM"), at Magistrate Judge Erwin's direction, delivered copies of Honeycutt's complaint and summonses to the Jail. One summons identified the individual to be served as "Kay (?) (Unknown Kitchen Supervisor employed by A.B.L. [Management, Inc. ('ABL')] from Louisiana," Doc. 16 at 8; e.g., Doc. 20 at 1, and listed that individual's address as "[Kay County Detention Center ('KCDC'),] 1101 West Dry Road[,] Newkirk, OK 74647." Doc. 16 at 8. The Process Receipt and Return filed by the USM on November 20, 2014, indicated that the person who accepted service for Kimbel on November 19, 2014, was "Harold Hughs Dep[uty] Jail Admin[istrator]." Doc. 20 at 1.

In the Motion to Dismiss, Kimbel's counsel conceded that Honeycutt's claims against Kimbel "fall within the course and scope of her employment with ABL," Doc. 50 at 2, ¶ 3, a food service company that contracted with the Jail to provide meals for inmates. Counsel argued that dismissal of these claims was nevertheless warranted because Honeycutt had not properly effected service.

Counsel contended that Kimbel's employment at the Jail "terminated in November 2014," id., and that it was "unknown if [Kimbel] . . . was even present at the [J]ail on the date of the alleged service . . . ." Id. Counsel argued that it was Honeycutt's burden to show that process was served properly and that there was "no evidence . . . Hughs had the authority to accept service for . . . Kimbel." Id. at 3. In response to Magistrate Judge Erwin's inquiry about the date Kimbel's employment ended, see Doc. 87, defense counsel submitted a copy of Kimbel's Payroll Status Form that showed that the "last day [Kimbel]

worked," Doc. 90-1, was November 20, 2014, and that her employment terminated on November 21, 2014. See id.

In Oklahoma,[3] personal service may be made on an individual "by delivering a copy of the summons and of the [complaint] . . . personally or by leaving copies thereof at the person's dwelling house or usual place of abode with some person residing therein . . . or by delivering a copy of the summons and of the [complaint] . . . to an agent authorized by appointment or by law to receive service." 12 O.S. § 2004(C)(1)(c)(1); e.g., Rule 4(e)(2), supra. Oklahoma courts recognize that strict compliance with these statutory requirements is not required; "instead, 'substantial compliance' is sufficient." J&J Sports Productions, Inc. v. Aguirre, 2015 WL 2341516 (N.D. Okla. 2015)(citing Graff v. Kelly, 814 P.2d 489, 495 (Okla.1991)); Graff, 814 P.2d at 495 (substantial compliance required for court to have jurisdiction over defendant). Thus, if service of process cannot be otherwise achieved, "a defendant . . . may be served as provided by court order in any manner which is reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard." 12 O.S. § 2004(C)(6).[4]

As defense counsel has argued, Oklahoma courts deem service of process ineffective in circumstances where the summons and complaint are served on a co-worker at the defendant's place of business absent evidence that the co-worker is authorized to accept service. E.g., Graff, 814 P.2d at 495. The service made in the instant case,

---

[3] See Rule 4(e)(1), supra (unless federal law provides otherwise, individual may be served in a judicial district of the United States by following state law for serving summons).

[4] See Graff, 814 P.2d at 495 ("[section] 2004(C)(6) places the responsibility of devising due process alternatives upon a neutral magistrate, as opposed to a commercial process server who has a financial interest in serving process papers and who could conceivably elect to leave such papers with anyone available").

however, as Magistrate Judge Erwin noted, was "[i]n accordance with the method long fashioned by this Court to effect service under these particular circumstances[.]" Doc. 97 at 4. The USM was ordered to serve all defendants, including Kimbel, at the address provided by Honeycutt, which, based on recognized "safety concerns, . . . [was] that of the . . . [J]ail." Id. Accordingly, Honeycutt provided the Jail's address, and the USM delivered copies of the complaint and summons to the Jail–then Kimbel's workplace–and left those papers with co-defendant Hughs, who not only accepted service for Kimbel, see Doc. 20, but also accepted service for six (6) co-defendants, including himself. See Docs. 17, 18, 19, 21, 22, 23.[5]

Because this method of service, as ordered by Magistrate Judge Erwin, was reasonably calculated to give Kimbel notice of this lawsuit,[6] the Court finds that a sufficient showing for proper service has been made and that Kimbel is not entitled to dismissal for insufficiency of service of process.

Accordingly, the Court

(1) ADOPTS the Report and Recommendation [Doc. 97] issued on May 8, 2015;

(2) DENIES Kimbel's Motion to Dismiss [Doc. 50] filed on January 15, 2015; and

---

[5]Hughs refused to accept service for "D (Unknown Jailer Day Shift)," Doc. 24, "#1 Unknown Deputy in charge at time of arrest," Doc. 25, and "#2 Unknown Deputy that transported to Jail." Doc. 26.

[6]The Court is mindful of defense counsel's assertions that he "has been unable to contact Kimbel and has been informed that she has moved out of the state," Doc. 99 at 2, and that he does not know "whether she has even received actual notice of this lawsuit." Id.

4

(3) RE-REFERS this matter to Magistrate Judge Erwin for further proceedings, including consideration of Kimbel's request under Rule 56.1(a), Rules of the United States District Court for the Western District of Oklahoma.[7]

ENTERED this 21st day of May, 2015.

LEE R. WEST
UNITED STATES DISTRICT JUDGE

---

[7] As Magistrate Judge Erwin noted, he was permitted to consider documentary evidence in resolving Kimbel's Motion to Dismiss filed under Rule 12(b)(5), supra, without converting the motion to one filed under Rule 56, F.R.Civ.P. See Craig v. City of Hobart, 2010 WL 680857 *1 (W.D. Okla. 2010)(parties may submit affidavits and other documentary evidence for court's consideration, and plaintiff is entitled to benefit of any factual doubt).